# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES TANUI KIPTANUI,

        Petitioner,      :      Case No. 3:24-cv-043

  - vs -                              District Judge Michael J. Newman
                                  Magistrate Judge Michael R. Merz

THE STATE OF OHIO,

                                  :

        Respondent.

## REPORT AND RECOMMENDATIONS

This case was brought by Petitioner James Kiptanui as a habeas corpus action under 28 U.S.C. § 2241. Petitioner avers that he is a citizen of Kenya, detained for deportation based on a conviction for assault and grand theft auto in the Common Pleas Court of Montgomery County, Ohio[1]. He seeks to have that conviction vacated.

This Court cannot consider Kiptanui's claims on the merits because it does not have jurisdiction to do so. Habeas corpus is a remedy for unconstitutional detention in custody, but Kiptanui is not in custody in Ohio. Rather he avers he is in custody of the Immigration and Naturalization Service in New York. This Court cannot acquire personal jurisdiction over Petitioner's custodian because Congress has not provided for nationwide service of process in immigration cases. While the Court can obtain personal jurisdiction over Ohio prison officials, it

---

[1] Kiptanui does not give the Ohio case number, but it appears to be 2011 cr 02747. That is the Common Pleas Case number associated with his name date of birth, and present place of incarceration.

cannot exercise habeas corpus jurisdiction over them in this case because, again, Kiptanui is not in custody in Ohio.

Petitioner pleads that he is in custody as a collateral consequence of his Ohio conviction. If he had brought suit under 28 U.S.C. § 2254 while in custody (imprisonment or probation), the suit would not be rendered moot by his release from custody. *Maleng v. Cook*, 490 U.S. 488 (1989). But this suit was brought long after Kiptanui was released from Ohio custody.

Petitioner relies on Fed.R.Civ.P. 60(b)(6) to obtain relief from the criminal judgment, but that Rule enables this Court only to grant relief from its own judgments. Kiptanui does not have a prior habeas corpus case in this Court whose judgment could be attacked here.

If Kiptanui's prior conviction were in federal court, it might have been possible for him to seek a writ of coram nobis for the relief he desires. However, federal courts have no *coram nobis* jurisdiction over state court convictions. *Lowery v. McCaughtry,* 954 F.2d 422 (7th Cir. 1992); *Theriault v. State of Mississippi*, 390 F.2d 657 (5th Cir. 1968); *Benson v. State Board of Parole & Probation*, 384 F.2d 238 (9th Cir. 1967); *Thomas v. Cunningham,* 335 F.2d 67 (4th Cir. 1964); *Rivenburgh v. State of Utah*, 299 F.2d 842 (10th Cir. 1962).

Kiptanui presently has pending a motion for new trial in his Ohio case.[2] Perhaps that court will find it appropriate and within its authority to provide Petitioner with relief. But this Court has no jurisdiction to do so.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed without prejudice for lack of jurisdiction. Because reasonable jurists

---

[2] See docket in *State v. Kiptanui*, Case No. 2011 cr 02747 at https://pro.mcOhio.org visited 9:29 a.m. on 3/13/2024.

2

would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 13, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge