# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES TANUI KIPTANUI,

        Petitioner,    :    Case No. 3:24-cv-043

 - vs -        District Judge Michael J. Newman
        Magistrate Judge Michael R. Merz

THE STATE OF OHIO,

        :

        Respondent.

## ORDER ACKNOWLEDGING AMENDED PETITION AND VACATING PRIOR REPORT AND RECOMMENDATIONS; REPORT AND RECOMMENDATIONS ON AMENDED PETITION

This habeas corpus case is before the Court on the filing on Petitioner's Amended Petition (ECF No. 10).  Because Respondent has not filed a responsive pleading or motion to dismiss, Petitioner is entitled to amend once without court permission.  The Amended Petition thus becomes the operative pleading in the case.

The original Petition was brought pursuant to 28 U.S.C. § 2241.  The Amended Petition replaces this statute with 28 U.S.C. § 2254 as the basis of jurisdiction.  Because the Magistrate Judge's analysis was based on § 2241, the original Report and Recommendation (ECF No. 4) is VACATED and Petitioner's Objections to that R&R (ECF No. 9) are moot and do not require analysis by the District Judge.

Petitioner pleads that he is being held in custody in the federal Immigration Services detention facility in Batavia, New York (ECF No. 10, PageID 209).  He pleads further that he is

1

being detained pending deportation on account of an Ohio conviction for a felony offense, to wit, burglary. He seeks relief from that conviction in this Court under 28 U.S.C. §2254, Fed.R.Civ.P. 60(b)(3) and 60(b)(6).

The Amended Petition should be dismissed without prejudice (i.e. without deciding the merits) on the following bases:

1. Petitioner is not in custody in the judicial district.
2. Respondent State of Ohio does not have custody of Petitioner.
3. 28 U.S.C. § 2254 provides authority to vacate state court conviction only so long as a petitioner remains in custody under the judgment. In this case, Petitioner's custody is a collateral consequence of his having been convicted in the Montgomery County burglary case. Such a collateral consequence will not support habeas jurisdiction.

It is accordingly recommended that the Amended Petition be dismissed without prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 15, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>
United States Magistrate Judge